Charles P. Maher, State Bar No. 124748
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
Rincon Center II, 121 Spear Street, Suite 200
San Francisco, California 94105-1582
Telephone No.: 415.356.4600
Fax No.: 415.356.4610
E-mail: cmaher@luce.com

Counsel for Plaintiff Andrea A. Wirum

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re PATRICIA BONAVITO,<br><br>Debtor. | Case No. 10-32304 DM<br>Chapter 7 |
| ANDREA A. WIRUM, Trustee,<br><br>Plaintiff.<br>v.<br>PATRICIA BONAVITO,<br><br>Defendant. | Adversary Proceeding<br>No. |

## COMPLAINT FOR JUDGMENT DENYING DISCHARGE

Plaintiff Andrea A. Wirum, Trustee in Bankruptcy of the estate of the above Debtor, alleges as follows:

1. On June 22, 2010, the Debtor, Patricia A. Bonavito (the "Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. Plaintiff has been appointed Trustee in Bankruptcy of the Debtor's Chapter 7 estate.

2. This Court has jurisdiction over this adversary proceeding under 28 U.S.C. §§ 151, 157(b)(2), and 1334, and under Rule 5011-1 of the Bankruptcy Local Rules for the Northern District of California.

3. This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (J).

4. Venue is proper under 28 U.S.C. § 1409.

5. Plaintiff is informed and believes that the Defendant Debtor is an individual who resides either in New York or California and commenced the above bankruptcy case by filing a voluntary Chapter 7 petition.

6. When the Debtor filed her Chapter 7 petition, she filed a Schedule A that disclosed ownership in three interests in real property and a Schedule B that disclosed $1,000 in cash, some household goods and furniture, wearing apparel, and jewelry, and no other personal property assets.

7. The Debtor's Schedule I disclosed no income from employment but did disclose $7,200 in income from real property. The Debtor disclosed rent or home mortgage payment of $3,475 per month in her Schedule J.

8. In her statement of financial affairs, the Debtor disclosed interest income of $4,607 in 2009 and rental income of $108,412 in 2009. The Debtor did not identify the source of the interest income in her schedules or in her statement of financial affairs. She disclosed no interest income in 2010 year-to-date.

9. In her statement of financial affairs, the Debtor disclosed two payments to creditors within the 90 days before she filed her Chapter 7 petition. Those payments totaled $1,740. The Debtor disclosed no payments to insiders within the 12 months before she filed her Chapter 7 petition.

10. In her statement of financial affairs, the Debtor disclosed no gifts within one year before she filed her Chapter 7 petition.

11. The Debtor disclosed in her statement of financial affairs no transfers of property (other than property transferred in the ordinary course) within two years immediately preceding the filing of her Chapter 7 petition. The Debtor disclosed no transfers within 10 years to a self-settled trust or similar device.

12. The Debtor disclosed no property held for another person.

13. In her statement of financial affairs, the Debtor disclosed no prior address within the three years immediately preceding the filing of the voluntary Chapter 7 petition.

14. In her statement of financial affairs, the Debtor represented that she had no business.

15. In or about 2005, the Debtor sold the real property commonly known as 1632 Russell Street, Berkeley, California for $750,000 to Richard Durazzo. Included in the consideration was a promissory note executed by Mr. Durazzo in favor of the Debtor. Plaintiff alleges that the note was property of the bankruptcy estate on the petition date but was not disclosed by the Debtor in her Schedule B, and neither it nor payments pursuant to it were surrendered to Plaintiff.

16. Plaintiff is informed and believes that in March 2010, the Debtor closed the sale of a condominium in New York commonly known as 61 West 62nd Street, No. 19G (or 19C) to Ajai Chari for $881,667. The Trustee is further informed and believes that the condominium was encumbered by a deed of trust securing a debt in the original principal amount of $433,000. The Debtor did not disclose this transaction in her statement of financial affairs. Plaintiff alleges that the Debtor had in her possession net proceeds from sale of this property on the petition date that she did not disclose or surrender.

17. In her 2008 federal tax return, the Debtor used 61 West 62nd Street as her home address.

18. Plaintiff is informed and believes that on September 11, 2008, the Debtor closed the sale of the real property commonly known as 950 Columbus Avenue, No. 17, San Francisco, California for $950,000. Plaintiff is informed and believes that the Debtor received net sale proceeds in the amount of $209,291.59. The Debtor did not disclose this transaction in her statement of financial affairs. Plaintiff alleges that the Debtor had in her possession net proceeds from sale of this property on the petition date that she did not disclose or surrender.

19. Plaintiff is informed and believes that the Debtor operates a business in the San Francisco Bay Area (and possibly in New York) called "Some of Us Traditional Foods" with her sister, Rozanne Bonavito. The Debtor did not disclose this business in her statement of financial

Case: 10-32304   Doc# 34   Filed: 09/24/10   Entered: 09/24/10 16:32:46   Page 3 of 7

301191507.1

3

affairs or her ownership of it or related assets in her Schedule B.

20. On August 23, 2010, the Court issued an order to the Debtor compelling her to comply with her obligations under 11 U.S.C. § 521. An authentic copy of that order is attached as **Exhibit A** to this complaint and is incorporated by reference. The order required the Debtor to surrender property and documents to Plaintiff.

21. Plaintiff caused the order to be served on the Debtor in care of her counsel on August 25, 2010.

22. The order required the Debtor to comply with the terms of the order within 15 days of service of the order on her counsel. The fifteenth day after service of the order was September 9, 2010. The Debtor did not comply with the order.

23. On September 10, 2010, Plaintiff communicated with the Debtor through counsel and informed the Debtor that she had missed the deadline for complying with the order.

24. Plaintiff is informed and believes that the Debtor received the order and has deliberately refused to comply with it.

**FIRST CLAIM FOR RELIEF**
Denial of Discharge
11 U.S.C. § 727(a)(6)

25. Plaintiff realleges the allegations set forth in paragraphs 1 through 24 above and incorporates them by reference.

26. The Debtor has refused in this bankruptcy case to obey this Court's August 23, 2010, order compelling her to comply with 11 U.S.C. § 521.

WHEREFORE Plaintiff requests entry of judgment denying the Debtor a discharge.

**SECOND CLAIM FOR RELIEF**
Denial of Discharge
11 U.S.C. § 727(a)(2)(A)

27. Plaintiff realleges the allegations set forth in paragraphs 1 through 24 above and incorporates them by reference.

28. The Debtor, with intent to hinder, delay, or defraud a creditor and the Trustee has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed property of the Debtor within one year before the

date of the filing of the petition.

WHEREFORE Plaintiff requests entry of judgment denying the Debtor a discharge under 11 U.S.C. § 727(a)(2)(A).

### THIRD CLAIM FOR RELIEF
Denial of Discharge
11 U.S.C. § 727(a)(2)(B)

29. Plaintiff realleges the allegations set forth in paragraphs 1 through 24 above and incorporates them by reference.

30. The Debtor, with intent to hinder, delay, or defraud a creditor or the Trustee, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed property of the estate after the filing of the petition.

WHEREFORE Plaintiff requests entry of judgment denying the Debtor a discharge under 11 U.S.C. § 727(a)(2)(B).

### FOURTH CLAIM FOR RELIEF
Denial of Discharge
11 U.S.C. § 727(a)(3)

31. Plaintiff realleges the allegations set forth in paragraphs 1 through 24 above and incorporates them by reference.

32. The Debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers from which the Debtor's financial condition or business transactions might be ascertained.

WHEREFORE Plaintiff requests entry of judgment denying the Debtor a discharge under 11 U.S.C. § 727(a)(3).

### FIFTH CLAIM FOR RELIEF
Denial of Discharge
11 U.S.C. § 727(a)(4)(A)

33. Plaintiff realleges the allegations set forth in paragraphs 1 through 24 above and incorporates them by reference.

34. The Debtor knowingly and fraudulently in connection with this bankruptcy case made a false oath or account by signing under penalty of perjury schedules of assets and a statement of financial affairs that were false.

WHEREFORE Plaintiff requests entry of judgment denying the Debtor a discharge under 11 U.S.C. § 727(a)(4)(A).

### SIXTH CLAIM FOR RELIEF
### Denial of Discharge
### 11 U.S.C. § 727(a)(4)(D)

35. Plaintiff realleges the allegations set forth in paragraphs 1 through 24 above and incorporates them by reference.

36. The Debtor knowingly and fraudulently in connection with this bankruptcy case withheld from the Trustee recorded information, including books, documents, records, and papers, relating to the Debtor's property or financial affairs.

WHEREFORE Plaintiff requests entry of judgment denying the Debtor a discharge under 11 U.S.C. § 727(a)(4)(D).

### SEVENTH CLAIM FOR RELIEF
### Denial of Discharge
### 11 U.S.C. § 727(a)(5)

37. Plaintiff realleges the allegations set forth in paragraphs 1 through 24 above and incorporates them by reference.

38. The Debtor has failed to explain satisfactorily before denial of discharge any loss of assets or deficiency of assets to meet the Debtor's liabilities.

WHEREFORE Plaintiff requests entry of judgment denying the Debtor a discharge under 11 U.S.C. § 727(a)(5).

### REQUEST FOR JUDGMENT

WHEREFORE, Plaintiff requests judgment as follows:

A. On Plaintiff's first claim for relief, entry of judgment denying the Debtor her discharge under 11 U.S.C. §727(a)(6).

B. On Plaintiff's second claim for relief, entry of judgment denying the Debtor her discharge under 11 U.S.C. §727(a)(2)(A).

C. On Plaintiff's third claim for relief, entry of judgment denying the Debtor her discharge under 11 U.S.C. §727(a)(2)(B).

| | | |
|---|---|---|
| 1 | D. | On Plaintiff's fourth claim for relief, entry of judgment denying the Debtor her |
| 2 | discharge under 11 U.S.C. §727(a)(3). | |
| 3 | E. | On Plaintiff's fifth claim for relief, entry of judgment denying the Debtor her |
| 4 | discharge under 11 U.S.C. §727(a)(4)(A). | |
| 5 | F. | On Plaintiff's sixth claim for relief, entry of judgment denying the Debtor her |
| 6 | discharge under 11 U.S.C. §727(a)(4)(D). | |
| 7 | G. | On Plaintiff's seventh claim for relief, entry of judgment denying the Debtor her |
| 8 | discharge under 11 U.S.C. §727(a)(5). | |
| 9 | H. | For costs of suit. |
| 10 | I. | For other relief the Court deems appropriate. |

DATED: September 24, 2010        LUCE, FORWARD, HAMILTON & SCRIPPS LLP

By: *[signature]*
Charles P. Maher
Counsel for Plaintiff Andrea A. Wirum