Richard G. Avila, Esq.
Cal. State Bar No. 86786
1150 Bayhill Drive, Suite 105
San Bruno, California 94066
Tel. (650) 871-1777

Attorney for Chapter 7 Debtor
Patricia Bonavito

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re | Chapter 7 |
| PATRICIA BONAVITO | Case No. 10-32304-DM-7 |
| Debtor. | DEBTOR'S REPLY LEGAL BRIEF IN SUPPORT OF DEBTOR'S MOTION TO DISMISS CHAPTER 7 CASE AND/OR FOR IMMEDIATE STAY OF TRUSTEE'S COLLECTION EFFORTS RE REAL PROPERTY ASSETS PENDING DISMISSAL AND/OR FOR A STATUS CONFERENCE |
| | [11 U.S.C. Sections 105(a), 105(d), and 305(a)(1)] |
| | **Hearing Date: August 3, 2012<br>Time: 10:00 a.m.<br>Place: 235 Pine Street, 22nd Floor** |

I.

INTRODUCTION

Chapter 7 Debtor Patricia Bonavito submits this Reply Brief in support of her Motion to this Court to dismiss her

1

Chapter 7 Case and/or to stay the Trustee's liquidation of the Real Property Assets of her Chapter 7 Estate and/or for a Status Conference on the ground that Ms. Bonavito is willing and able with the help of her Brother, Anthony, and Mr. Durazzo, to pay off in full the remaining **Allowed** Administrative Expense Claims of her Chapter 7 Case without the unnecessary and wasteful liquidation of either the remaining Real *or* Personal Property Assets of her Chapter 7 Estate.

## II.

## GIST OF THE DEBTOR'S MOTION AND THE TRUSTEE'S OPPOSITION THERETO

A. <u>Matters Agreed Upon By Both The Debtor And The Trustee</u>

Notwithstanding the obviously rancorous relationship between the Debtor and the Debtor's Family on the one hand and the Trustee and the Trustee's professionals on the other hand, the Debtor, her Family, the Trustee, and the Trustee's professionals share a series of common, overlapping perspectives on the Debtor's Case. These common, overlapping perspectives include a common desire, if possible, to end the Debtor's Case as efficiently as possible, meaning to end the Debtor's Case with the payment in full of the **ALLOWED** Administrative Expenses of the Debtor's Case and **without** the incurring of **New and Unnecessary Administrative Expenses** in the course of paying the existing ALLOWED administrative expenses of the Debtor's

2

Case, including the avoidance, if possible, of New Administrative Expenses which would necessarily attend the further liquidation of the remaining Real or Personal Property Assets of the Debtor's Chapter 7 Estate to pay the existing Administrative Expense Claims of the Debtor's Chapter 7 Estate.

B. <u>Matters Disputed By The Debtor And The Trustee</u>

But, while the Debtor and the Debtor's Family on the one hand and the Trustee and the Trustee's professionals on the other hand share a common goal, they are far from Agreement on a common means of reaching that common goal.

**Therefore, the Trustee insists that the Debtor's Family either: (1) make an *unconditional* Lump Sum Cash Payment to the Trustee of $150,000 *NOW*; or (2) that the Debtor's Family "buy out" the remaining Assets of the Debtor's Chapter 7 Estate for said $150,000 Lump Sum Cash Payment *NOW*; or (3) that the Debtor suffer the liquidation of perhaps *all* of the remaining Real Property Assets of her Chapter 7 Estate until such time as an *ever growing and presently unknown sum of cash* is raised by said Asset Liquidation Program to pay in full the Administrative Expenses of the Debtor's Case in an *as yet unknown and ever increasing amount* following the conclusion of the aforesaid Asset Liquidation Program.**

**In short, the Trustee's position is that the Debtor must pay the Trustee's *unilaterally calculated, unallowed,* Administrative Expense bill first as a condition to the**

3

Trustee's subsequent filing of Fee Applications for Court Allowance of the very Administrative Expense Bills the Trustee and her Retained Professionals would have the Debtor and/or her Family pay NOW.

Quite reasonably, the Debtor has countered the Trustee's position with a position of her own. The Debtor's position is that the Trustee must liquidate her unallowed Administrative Expense Bills first through Fee Applications to this Court and then be paid second by the Debtor, her Family, and/or Mr. Durazzo *only* in the amount of her *Allowed* Administrative Expenses as established by this Court.

The Debtor submits her position is more consistent with the Fee Application and Administrative Expense Allowance Process of this Court than the Trustee's.

Only this Court can set the amount of a Case Professionals Administrative Expenses to be paid; The Trustee and her retained professionals can *estimate* their *Unallowed* Administrative Expenses, but they can *NOT* fix the amount of their *Allowed* Administrative Expenses to be paid and then insist upon payment in full in cash or property of those *Unallowed* Administrative Expenses as a condition to the filing of Fee Applications for the very *Allowance* of these very same Unallowed Administrative Expenses.

In other words, the Trustee and her Retained Professionals have the Cart of their *Unallowed* Administrative Expenses driving the horse of the Debtor's

4

"exit" price from Chapter 7, that is driving the horse of the *Allowed* Administrative Expenses of the Trustee and her Retained Professionals to be paid.

## III.

### THE DEBTOR'S PROPOSED ALTERNATIVE PLAN FOR PAYMENT IN FULL OF THE *ALLOWED* ADMINISTRATIVE EXPENSES OF THE TRUSTEE AND HER RETAINED PROFESSIONALS IS CREDIBLE AND FEASIBLE AND SHOULD BE ADOPTED BY THIS COURT

A.  Pertinent Parts of the Debtor's Alternative Plan Conceded By the Trustee

The Trustee concedes that she is presently holding $27,000 in her Fiduciary Account. This sum represents $13,000 of undistributed funds remaining from the Trustee's November, 2011 liquidation of the Debtor's 1461 Broadway, San Francisco Condominium as well as $14,000 seized by the Trustee in March, 2012 from a California Bank Account holding the NYU Master's Degree in Global Affairs *Scholarship Monies* of the Debtor's Daughter and Adversary Judgment Debtor, Chenelle Bonavito.

The Trustee also concedes the credibility of the Offer of Proof contained in the Declaration of Anthony Bonavito to deposit *unconditionally* with the Trustee $75,000 towards payment in full of the *Allowed* Administrative Expenses of the Debtor's Case.

B.  Pertinent Parts of the Debtor's Alternative Plan Contested By the Trustee

What the Trustee contests, instead, is the credibility of the Offer of Proof by Declaration of Secured Note

Case: 10-32304   Doc# 108   Filed: 07/28/12   Entered: 07/28/12 20:20:48   Page 5 of 10

Obligor, Rick Durazzo, to pay "up to $73,850" towards Payment In Full of the *Allowed* Administrative Expenses of the Debtor's Case as determined by this Court upon the filing of Fee Applications by the Trustee and her Professionals.

    The Trustee bases her lack of faith in Mr. Durazzo's Offer of Proof by Declaration as to "the up to $73,850" sum on Mr. Durazzo's August, 2010 to December, 2010 diversion of approximately $1,875 in total Note Installment Payments belonging to the Estate to the Debtor.

    Additionally, the Trustee contests the willingness of the Co-Payee of the Durazzo Secured Note, Pramila Addagiri, to accept payment by Mr. Durazzo of a cash sum of "up to $73,850," representing "up to" 50% of the $147,500 sum owing on the Note, to the Estate without receiving simultaneous payment to her from Mr. Durazzo for her 50% Interest in the Note.

    The Trustee's evidence for Ms. Addagiri's unwillingness to accede to the Debtor's Alternative Plan for the payment in full of the *Allowed* Administrative Expenses of her Chapter 7 Case consists exclusively of the *Hearsay* Declaration by the Trustee's Counsel of a telephone conversation he had with Mr. Krishna Rao, Ms. Addagiri's Husband, on June 28, 2012.

///

///

6

C.  <u>Debtor's Rejoinder to Trustee's Contest of Debtor's Alternative Plan for Payment in Full of Trustee's *Allowed* Administrative Expenses.</u>

The Debtor maintains that the Trustee's averred grounds for skepticism with regards to the credibility of the Durazzo Offer of Proof and with regard to the position of the Addagiris with respect to the partial paydown and/or payoff of the Estate's Interest *Only* in the Secured Note is best addressed in Open Court at the August 3rd Hearing in this matter.

Mr. Durazzo has told the Debtor and Debtor's Counsel, Richard Avila, that he will personally attend the August 3rd Hearing on the Debtor's Motion and renew his Offer of Proof orally before the Court itself. Should the Court be so inclined, either the Court itself or Counsel for the Trustee and/or Counsel for the Debtor, may with the permission of the Court at the August 3rd Hearing itself or at a subsequent Evidentiary Hearing to be calendared, question Mr. Durazzo as to the bona fides and/or feasability of his Offer of Proof. The Debtor welcomes such questioning of Mr. Durazzo because the Debtor, too, wishes to know for certain that Mr. Durazzo both will and can perform the promises he has said in his Declaration that he will perform with respect to the paydown and/or payoff of the Estate's 50% Interest in the Secured Note.

With respect to the Addagiris, the Debtor reminds the Court that the Debtor served the Addagiris with her Motion

7

Pleadings, including this Reply Brief. To date, the Addagiris have filed No Opposition with the Court to the Debtor's Motion. Moreover, it is expected that the Addagiris will also attend the August 3rd Hearing personally and make their views known to the Court, the Debtor, the Trustee, and Mr. Durazzo in Open Court.

IV.

## CONCLUSION

As the Court well knows, the Debtor lacks the cash herself to retire *any* of the Administrative Expenses of her Chapter 7 Estate.

If cash must be raised to pay the *Allowed* Administrative Expenses of her Chapter 7 Estate, the Debtor must turn to third parties.

With Anthony Bonavito's unconditional offer of $75,000 cash towards the Allowed Administrative Expenses of the Debtor's Case, the Debtor has exhausted the proffered financial resources of her Family.

Hence, the Debtor has solicited a Cash Contribution from Secured Note Obligor Rick Durazzo with the cooperation of the Note's Co-Payees, the Addagiris, for so much of up to $73,850 of those Cash Sums *in excess of $102,000* ultimately necessary to pay in full the *Allowed* Administrative Expenses of the Trustee and her Retained Professionals *as established by this Court through the Fee Application process.*

///

8

The Debtor's Plan for the payment in full of the *Allowed* Administrative Expenses of her Chapter 7 Case is credible and feasible.

The Durazzo Offer of Proof may be easily and inexpensively tested by the Court and the Trustee in Open Court at the August 3rd Hearing itself on the Debtor's Motion or if not then, then at a subsequent Evidentiary Hearing to be calendared by the Court.

Similarly, the articulation by the Addagiris of their position in Open Court on August 3rd or if not then, then at the subsequent Evidentiary Hearing to be calendared by the Court on the Durazzo Offer of Proof may be easily accomplished.

The Debtor's Plan is efficient, fair, feasible, and credible. It should be tried, tested, and promptly implemented once tested *forthwith*.[1]

---

[1] The Trustee's two (2) alternative suggestions are NOT feasible for the Debtor. The Trustee's first alternative that the Debtor surrender the 239 West 135th Street, New York, N.Y. Condo to the Trustee will leave the Debtor and her Daughter without the means for the Debtor to continue her Food Industry job in New York City and/or for the Debtor's Daughter, Adversary Judgment Debtor, Chenelle Bonavito, to *finish* her Master's Degree studies at New York University. The Trustee's second alternative suggestion that the Debtor's Brother, Anthony Bonavito, payoff the *presumed excess over $102,000 of the Allowed Administrative Expenses of the Debtor's Chapter 7 case* in exchange for the transfer to him of Estate Assets otherwise subject to abandonment to the Debtor, depends once again on the generosity and/or cooperation of the Debtor's Family. The Debtor's Family has limited their generosity and/or

9

Wherefore, for the reasons set forth above, Chapter 7 Debtor Patricia Bonavito asks this Court to dismiss her Chapter 7 Case and/or to stay the Trustee's liquidation of the Real Property Assets of her Chapter 7 Estate and/or for a Status Conference on the ground that she is willing and able to pay off in full the remaining *Allowed* Administrative Expense Claims of her Case, *once liquidated by Fee Application Orders issued by this Court*, without the unnecessary and wasteful liquidation of the Real Property Assets of her Chapter 7 Estate.[2]

Dated: July 28 2012

Respectfully Submitted,

*/s/ Richard G. Avila*
Richard G. Avila,
Attorney for Chapter 7
Debtor Patricia Bonavito

---

cooperation to the unconditional deposit of $75,000 into the Trustee's Fiduciary Account as stated in Anthony Bonavito's Declaration in support of the Debtor's Motion.

[2] Debtor's Counsel apologizes to the Court and Opposing Counsel for the late filing on Saturday, July 28th, instead of Friday, July 27th of the Debtor's Reply Brief. Debtor's Counsel unexpectedly lost 2+ work days of the 5 day work week of Monday, July 23rd through Friday, July 27th, attending a Funeral for the Mother of a close friend and dealing with a pressing Emergency in Debtor's Counsel's Family itself involving Debtor's Counsel's own 18 year old Son. To minimize prejudice to the Trustee, Debtor's Counsel FAXED this Reply Brief to the Trustee's Counsel's Office on Saturday evening, July 28th, and telephoned Trustee's Counsel's Office also on Saturday evening, July 28th, alerting Trustee's Counsel to the faxing to Trustee's Counsel and the filing by ECF of Debtor's Reply Brief.

10